642

■ BETH DAVID HOSPITAL v. LEON J. DAVIS, Individually and as President of LOCAL 1199, RETAIL DRUG EMPLOYEES UNION, et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the Matter of SIPAL REALTY CORPORATION against MARTIN L. DANKERS et al.— Motion for leave to reargue denied, with $10 costs. The belated receipt of certificates from the Rent Administrator is not sufficient to change the determination of this court. As was originally observed in its *Per Curiam* opinion: "It may be, on the undisputed proof in this record, that the landlord would be entitled to an order granting an 'exemption' if application were made to the Rent Administrator. Once the facts establishing a bona fide conversion are presented the Administrator has no discretion to deny such an 'exemption'. However, such a showing must first be made to the Administrator, in his threshold jurisdiction, before proof of conversion may be presented collaterally in another proceeding." Consequently, all that landlord has accomplished, which was anticipated, is that in a new proceeding, or perhaps at a new hearing in the present proceeding, if it can obtain one, it may be permitted to offer the proof it now has. The administrative determination in *Matter of Lorenzo Estates, Inc.* (Protest Docket No. PLA 36232, LRO Docket No. APC 2785) is likewise not determinative. It holds, consistent with the opinion of this court, that if there has been an actual conversion the Rent Administrator must certify "decontrol" or "exemption". That does not mean, however, that the Rent Administrator does not have threshold jurisdiction to determine in fact whether there has been conversion to nonresidential use. This is quite different from declining certification of "decontrol" or "exemption" on the ground of noncompliance with collateral statutes imposing structural standards. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ ROBERT D. STERLING v. PAUL LAPIDUS.— Application granted. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ROBERT D. STERLING v. PAUL LAPIDUS.— Motion granted only insofar as to permit the movant, Bronx County Medical Society, to file a brief *amicus curiæ* when and if the appeal is noticed for argument by the appellant. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ROBERT D. STERLING v. PAUL LAPIDUS.— Motion granted only insofar as to permit the movant, Medical Society of the County of New York, to file a brief *amicus curiæ* when and if the appeal is noticed for argument by the appellant. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ROBERT D. STERLING v. PAUL LAPIDUS.— Motion granted only insofar as to permit the movant, Kings County Medical Society, to file a brief *amicus curiæ* when and if the appeal is noticed for argument by the appellant. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ALEXANDER CHARCOWSKY et al. v. MAURICE STAHL et al.— Application denied, with $10 costs. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ PAMELA G. ILOTT v. GEORGE DEIBERT. DAVID GARCIA et al. v. GEORGE DEIBERT.— Application granted. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ FIFTH AVENUE JEWELERS EXCHANGE, INC. v. REUBEN POMERANTZ JEWELRY CO., INC.— Application granted. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.